UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15cv009-FDW

| | |
|---|---|
| MARSHALL LEE BROWN, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| SUSAN WHITE, Superintendent, ) | |
| Alexander Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon initial review of Marshall Lee Brown, Jr.'s Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. ECF No. 1.

I. **BACKGROUND**

Petitioner was indicted by an Iredell County, North Carolina grand jury on the charge of first degree murder. See State v. Brown, 616 S.E.2d 30, *1 (N.C. App. 2005) (unpublished). Pursuant to a plea agreement, Petitioner pled no contest to the lesser offense of second degree murder. Id. For sentencing purposes, Petitioner stipulated to a prior record level 3, and to the existence of an aggravating factor, that he knowingly created a risk of death to more than one person by means of a weapon or device which could normally be hazardous to the lives of more than one person. Id. The trial court imposed an active sentence in the aggravated range of 240 to 297 months. Id. Judgment was entered on March 25, 2002. Id.

Petitioner filed a direct appeal in the North Carolina Court of Appeals, which was denied on August 2, 2005. Id. Petitioner did not seek further review in the North Carolina Supreme Court. Pet. 2, ECF No. 1.[1]

On December 27, 2005, Petitioner filed a Motion for Appropriate Relief ("MAR") in the Iredell County Superior Court. Pet., supra, at 3. The MAR was denied without a hearing on December 30, 2005. Pet., supra, at 3. Petitioner did not seek discretionary review of the superior court's decision in the appellate courts.

On June 18, 2013, Petitioner filed a second MAR in the Iredell County Superior Court. Pet., supra, at 4. The MAR was denied without a hearing on September 27, 2013. Pet., supra, at 4. This time, Petitioner sought discretionary review of the superior court's decision by filing a petition for writ of certiorari in the North Carolina Court of Appeals, which was denied on November, 12, 2013. Pet., supra, at 4, 6. He then filed a petition for writ of certiorari in the North Carolina Supreme Court, which was denied on January 23, 2014. Pet. 14, ECF No. 1. Petitioner filed the instant § 2254 petition on January 23, 2015. ECF No. 1.

## II.     STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

---

[1] Unless otherwise noted, the page numbers cited for court documents are those generated by CM/ECF, the district court's electronic filing system.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for § 2254 petitions. 28 U.S.C. § 2244(d)(1). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[2] § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed state post-conviction action. § 2244(d)(2).

Petitioner's conviction became final on or about September 6, 2005. As noted, the North Carolina Court of Appeals issued its opinion affirming Petitioner's conviction and sentence on August 2, 2005. Petitioner then had thirty-five days to file a petition for discretionary review to the North Carolina Supreme Court. See N.C. R. App. P. 15(b) ("A petition for review following determination by the Court of Appeals shall be . . . filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C. R. App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk."). Petitioner did not seek discretionary review during that thirty-five-day time frame. Therefore, his conviction became final on September 6, 2005, when the time for seeking review expired. See § 2244(d)(1)(A); Gonzalez v. Thaler, 132 S.Ct. 641, 656 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires.").

The federal statute of limitations then proceeded to run for 112 days until Petitioner filed his first MAR in Iredell County Superior Court on December 27, 2005. The limitations period was tolled until December 30, 2005, when the superior court denied the MAR. See § 2244(d)(2).

---

[2] There are three exceptions to this starting date, see § 2244(d)(1)(B)-(D), none of which apply here.

The statute of limitations ran for an additional 253 days until it fully expired on or about September 9, 2006. Because Petitioner's second MAR was filed after the federal one-year statute of limitations period had expired, it neither tolled nor restarted the limitations period. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000) (concluding that a § 2254 petition was "clearly time-barred" when petitioner moved for relief in state court after the federal one-year limitations period expired).

Petitioner's habeas petition, therefore, is time-barred and must be dismissed unless Petitioner can demonstrate that he is entitled to equitable tolling. See, e.g., Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (The Court may sua sponte dismiss a § 2254 petition without notice if "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1).") Equitable tolling requires a showing "(1) that [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of filing a timely habeas petition. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (holding that equitable tolling of AEDPA's one year limitation period is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

Here, the factual predicate for all of the grounds raised in the instant habeas petition were known to Petitioner at the time of his plea and sentencing or, at the latest, upon the conclusion of his direct appeal.[3] None, however, was raised in the state courts until Petitioner filed his second

---

[3] Petitioner raises the following grounds for relief in his federal habeas petition: 1) his "no contest" plea was involuntary because counsel led him to believe the charge against him was being dismissed; 2) counsel was ineffective for stipulating to an aggravation circumstance that was not supported by the evidence; 3) Petitioner's

4

MAR in 2013, almost seven years after the federal statute of limitations had run. Consequently, even if Petitioner diligently pursued his rights in the state courts for the first few years after his conviction, those efforts did not concern the claims raised in the instant petition. Furthermore, Petitioner's explanations for his failure to file a federal habeas petition until January 23, 2015 – that he did not have access to a law library, did not know how to craft legal documents on his own, and had to wait to find someone qualified to help him with the instant petition – are not the type of circumstances that warrant equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling.").

The record shows no extraordinary circumstance or reasonable diligence on the part of Petitioner in pursuing his rights in state or federal court. As such, he is not entitled to equitable tolling, and his petition will be dismissed as untimely.[4]

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus, ECF. No 1, is **DISMISSED** as untimely.

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a

---

plea was involuntary because counsel used undue influence to force Petitioner to accept a plea deal when he wanted to plead "not guilty"; 4) counsel was ineffective for failing to explain the effect his sentence would have on the sentence he was serving at the time of the offense; 5) the trial court failed to ensure that Petitioner's plea was knowing, intelligent, and voluntary; and 6) appellate counsel was ineffective for filing an appeal without having had any contact with Petitioner.

[4] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. Here, however, such warning is not necessary because, in his Section 2254 petition, Petitioner addressed the statute of limitations issue. Pet. 24-5, ECF No. 1.

denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: February 2, 2015

Frank D. Whitney
Chief United States District Judge